IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **CHRISTINE LITTLE,** § § | | |
| *Plaintiff*, § § | | |
| v. § § | Civil Case No._____ | |
| § § | | |
| **INMODE, LTD., INMODE MD, LTD.,** § **INVASIX, INC., and INVASIX, LTD.,** § § | **JURY TRIAL DEMANDED** | |
| *Defendants*. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Christine Little ("Plaintiff" or "Mrs. Little") files this her Original Complaint complaining of Defendants InMode, Ltd., InMode MD, Ltd., Invasix, Inc., and Invasix, Ltd., (together, "Defendants") and respectfully shows the Court as follows:

**PARTIES**

1.      Plaintiff Christine Little is a natural person and Texas citizen. She brings this claim in her individual capacity.

2.      Defendant InMode, Ltd. ("InMode"), is an Israeli limited partnership with its principal office in Israel and its North American head office in California. On information and belief, no members or partners of InMode are citizens of the State of Texas. InMode regularly conducts business in the State of Texas, including, but not limited to, its conduct relating to the subject incident. InMode, Ltd., may be served through its corporate officers, including Yair Malca and Shakil Lakhani, at 17 Hughes Irvine, California 92618, or wherever they may be found.

3.      Defendant InMode MD, Ltd. ("InMode MD"), is an Israeli limited partnership with

its principal office in Israel and its North American head office in California. On information and belief, no members or partners of InMode MD are citizens of the State of Texas. InMode MD regularly conducts business in the State of Texas, including, but not limited to, its conduct relating to the subject incident. InMode MD, Ltd., may be served through its corporate officers, including Yair Malca and Shakil Lakhani, at 17 Hughes Irvine, California 92618, or wherever they may be found.

4. Defendant Invasix, Inc. ("Invasix"), is a Delaware corporation with its principal place of business in California that is registered to conduct business in Texas and regularly conducts business in the State of Texas, including, but not limited to, its conduct relating to the subject incident. Invasix, Inc., may be served through its registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Defendant Invasix, Ltd. ("Invasix Ltd."), is an Israeli limited partnership with its principal office in Israel. On information and belief, no members or partners of Invasix Ltd. are citizens of the State of Texas. Invasix Ltd. regularly conducts business in the State of Texas, including, but not limited to, its conduct relating to the subject incident. Invasix Ltd., may be served through its corporate officers, including Yair Malca and Shakil Lakhani, at 17 Hughes Irvine, California 92618, or wherever they may be found.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this lawsuit because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendants because their contacts with the State of Texas are such that exercising jurisdiction over them will not offend traditional notions

of fair play and substantive judgment. More specifically, these Defendants have purposefully availed themselves of the privileges of doing business in the State of Texas, employ Texas residents to carry out their business therein, and/or routinely conduct business in the State of Texas. Furthermore, these Defendants have committed torts in Texas and those contacts, and others, give rise to Plaintiff's causes of action in this case. Venue is proper in this District because all or substantially all of the facts giving rise to this case occurred in this District. 28 U.S.C. § 1391(b)(2).

8. For purposes of Plaintiff's jurisdiction and venue facts, Plaintiff would specifically incorporate by reference, as if set forth in full, the factual background allegations asserted herein concerning Defendants.

## FACTUAL BACKGROUND

### A. General Background

9. Defendants designed, manufactured, marketed, and sold the Evoke product, a hands-free facial treatment that delivers bipolar radiofrequency energy to the cheeks, neck, and jawline (the "Evoke").

10. Defendants sell the Evoke to physicians across the country through salespersons, several of whom are based in and operate out of Texas. Defendants also provide training to physicians that purchase the Evoke product on how to use the Evoke.

11. In December 2020, Defendants sold an Evoke to Dr. Jason Riehs, which he received at his Frisco, Texas clinic in February 2021. Defendants assured Dr. Riehs that burn injuries were impossible with the Evoke.

### B. The Evoke Causes Third Degree Burns to Plaintiff Christine Little.

12. On June 25, 2021, Plaintiff Christine Little was treated by Dr. Riehs at his clinic in Frisco using the Evoke product. During her treatment, the Evoke product failed causing the product to overheat, which resulted in third-degree burns to Mrs. Little's face (the "Incident"). Upon

information and belief, the temperature regulation system and/or control module that controls the temperature for the 4th and 8th electrodes malfunctioned causing them to overheat and burn Plaintiff along her jaw bone.

13. Dr. Riehs returned the Evoke product to Defendants and received a replacement shortly thereafter. A couple weeks later, a similar burn injury occurred on another patient.

14. Mrs. Little sustained third degree, full thickness burns on her face as a result of the Incident. In addition to her physical injuries and permanent disfigurement, Mrs. Little has suffered pain, mental anguish, and trauma because of the Incident and ensuing injuries.

15. Mrs. Little's injuries and damages were caused by defects in the Evoke and/or Defendants' failure to properly install, inspect, and test the Evoke upon arrival at Dr. Riehs' clinic and/or train Dr. Riehs on the safe usage of the Evoke, or warn and instruct their clients as to the risks or dangers associated with using the Evoke.

16. At all times material, all of the agents, servants, employees, officers, and directors of Defendants who were involved in or connected with the occurrence made the basis of this suit, were acting within the course and scope of their employment, acting in their official duties, and acting in furtherance of their office or employer.

## CAUSES OF ACTION

### COUNT ONE: STRICT LIABILITY FOR DESIGN DEFECT AGAINST DEFENDANTS

17. Each of the foregoing paragraphs are incorporated herein for all purposes.

18. Defendants are liable under the theory of strict liability as set forth in Restatement Second, Torts §§ 402A and 402B. Defendants, at all times material hereto, engaged in the business of designing, manufacturing, assembling, selling, marketing, and/or supplying the Evoke including the Evoke purchased by Dr. Riehs and used on Plaintiff made the basis of this lawsuit.

19. The subject Evoke was defective in design, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection against the foreseeable risk of burn injury. The design defect includes, but is not limited to, the following:

   a. Failing to design and manufacture the Evoke with components capable of reliably regulating the foreseeable heat that could be generated by the Evoke;

   b. Failing to design and manufacture the Evoke with a failsafe that cut power to the Evoke when its temperature regulation system was not properly working;

   c. Failing to design and manufacture the Evoke with components that were not able to regulate the foreseeable heat that could be generated by the Evoke;

   d. Failing to design and manufacture the Evoke with components that were properly designed to regulate temperature as required by the Evoke;

   e. Failing to design and manufacture the Evoke with components that were properly tested for reliably regulating temperature as required by the Evoke;

20. These defects rendered the Evoke unreasonably dangerous as designed taking into account the utility of the product and the risks involved.

21. There was a safer alternative design that, in all reasonably probability, would have prevented or significantly reduced the risk of the injury in question without substantially impairing the Evoke's utility. The alternative design was economically and technologically feasible at the time the Evoke left Defendants' control.

22. The defective condition of the Defendants' Evoke sold to Dr. Riehs and used on Plaintiff was a producing and/or proximate cause of Plaintiff's injuries and damages.

**COUNT TWO: STRICT LIABILITY FOR MANUFACTURING DEFECT AGAINST DEFENDANTS**

23. Each of the foregoing paragraphs are incorporated herein for all purposes.

24. Defendants are liable under the theory of strict liability as set forth in Restatement

Second, Torts §§ 402A and 402B. Defendants at all times material hereto engaged in the business of designing, manufacturing, assembling, selling, marketing, and/or supplying the Evoke including the Evoke purchased by Dr. Riehs and used on Plaintiff made the basis of this lawsuit.

25. The subject Evoke deviated in its construction or quality in a manner that rendered it unreasonably dangerous when it was manufactured, marketed, sold, supplied, and/or installed by Defendants.

26. The manufacturing defect rendered the Evoke dangerous beyond what an ordinary user of the Evoke, with ordinary knowledge common to the community, would have anticipated concerning the product's characteristics.

27. The defective condition of the Defendants' Evoke sold to Dr. Riehs and used on Plaintiff was a producing and/or proximate cause of Plaintiff's injuries and damages.

**COUNT THREE: STRICT LIABILITY FOR MARKETING DEFECT AGAINST DEFENDANTS**

28. Each of the foregoing paragraphs are incorporated herein for all purposes.

29. Defendants are liable under the theory of strict liability as set forth in Restatement Second, Torts §§ 402A and 402B. Defendants at all times material hereto engaged in the business of designing, manufacturing, assembling, selling, marketing, and/or supplying the Evoke including the Evoke purchased by Dr. Riehs and used on Plaintiff made the basis of this lawsuit.

30. At the times the Evoke left Defendants' possession, they knew or should have known of a risk of harm presented by the Evoke.

31. Defendants marketed the Evoke without adequately warning of the danger or providing instructions for safe use.

32. This marketing defect rendered the Evoke dangerous beyond what an ordinary user of the Evoke, with ordinary knowledge common to the community, would have anticipated concerning the product's characteristics.

33.     The defective condition of the Defendants' Evoke sold to Dr. Riehs and used on Plaintiff was a producing and/or proximate cause of Plaintiff's injuries and damages.

### COUNT FOUR: NEGLIGENCE AGAINST DEFENDANTS

34.     Each of the foregoing paragraphs are incorporated herein for all purposes.

35.     Plaintiff's injuries and damages were proximately caused by the negligent acts and/or omissions of Defendants in their designing, manufacturing, testing, distribution, and/or sale of the subject Evoke, acting through its employees and agents, which are generally described herein. A non-exhaustive list of Defendants' negligence includes, but is not limited to, the following:

a. Failing to design and manufacture the Evoke with components capable of reliably regulating the foreseeable heat generated by the Evoke;

b. Designing and manufacturing the Evoke with components that were not safely configured;

c. Designing and manufacturing the Evoke with components that were not able to regulate the heat generated by the Evoke;

d. Designing and manufacturing the Evoke with components that were defective;

e. Failing to properly and adequately test the Evoke;

f. Failing to incorporate a fail-safe design feature that accounts for failures involving the regulation of temperature in the Evoke and the ensuing hazards and/or harm that can occur as a result;

g. Failing to provide appropriate and necessary instructional materials and reasonable warnings regarding the use of the Evoke in a fashion that would reduce or minimize the risk of severe burns and resultant injuries;

h. Failing to provide appropriate and necessary information, warnings and/or instructions regarding the fact that the Evoke could cause third degree burns;

i. Failing to provide appropriate and necessary information, warnings, and/or instructions regarding the Evoke after Defendants had knowledge of other similar incidents; and

j. Other acts of negligence that may be discovered during the course of the matter.

36. Each of these acts and omissions by Defendants, singularly or in combination with others, constituted negligence that proximately caused Plaintiff's injuries and damages.

### COUNT FIVE: GROSS NEGLIGENCE

37. Each of the foregoing paragraphs is incorporated herein for all purposes.

38. When viewed objectively, Defendants' conduct, acts, and/or omissions as generally described above involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendants had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safety, or welfare of others.

39. As such, Defendants' conduct rises to the level of gross negligence, such that exemplary damages are warranted and appropriate.

### DEMAND FOR JURY TRIAL

40. Plaintiff asserts her right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### DAMAGES

41. The acts and practices of Defendants were a proximate cause of Plaintiff's injuries and damages as follows:

    a) Past medical expenses;

    b) Future medical expenses;

    c) Physical pain and suffering in the past;

    d) Physical pain and suffering in the future;

    e) Mental anguish in the past;

    f) Mental anguish in the future;

    g) Disfigurement in the past;

    h) Disfigurement in the future; and

i) Economic loss.

## EXEMPLARY DAMAGES

42. Each of the foregoing paragraphs is incorporated herein for all purposes.

43. Plaintiff's injuries and damages resulted from Defendants' gross negligence which entitles Plaintiff to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a)(3).

## PRAYER

Plaintiff respectfully requests that Defendants be cited to answer and appear, and, that upon final trial, Plaintiff recover actual and punitive damages, as specified above, from Defendants, both jointly and severally, plus costs of court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

LYONS & SIMMONS, LLP

*/s/ Michael P. Lyons*

**Michael P. Lyons**
Texas Bar No. 24013074
mlyons@lyons-simmons.com
**Michael S. Fechner, Jr.**
Texas Bar No. 24108166
mfechner@lyons-simmons.com
2101 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
(214) 665-6900 (t)
(214) 665-6950 (f)
**ATTORNEYS FOR PLAINTIFF**