IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **CHRISTINE LITTLE,** § § | | |
| *Plaintiff*, § § | | |
| v. § | Civil Case No. 4:23-cv-00332 | |
| § § | | |
| **INMODE, LTD., INMODE MD, LTD.,** § and **INVASIX, INC.,** § § | JURY TRIAL DEMANDED | |
| *Defendants*. § § | | |

**PLAINTIFF'S MOTION TO COMPEL AGAINST INVASIX, INC.**

This case is a products liability case involving a facial treatment product (the "Evoke") sold by Defendant Invasix, Inc. The Evoke burned Plaintiff Christine Little's face.

Defendant Invasix, Inc., has not produced documents and information that "are relevant to the claim or defense of any party" in accordance with Federal Rule Civil Procedure 26(a), Local Rule CV-26, and the Court's Order Governing Proceedings (Dkt. 22). This includes documents related to the design, manufacture, testing, and sale of the defective product that burned Mrs. Little.

Plaintiff has attempted to confer with Invasix for months (a duration that reflects respect for the changeover in counsel for Defendants). Invasix did not produce relevant documents and information with its disclosure and then ceased responding to counsel for Plaintiff's attempts to finalize conference efforts. Counsel for Plaintiff made one final attempt to confer with counsel for Invasix just before filing this motion by sending a draft of this motion. Only then did Invasix break its weeks-long silence.

Invasix then amended its disclosures state to it doesn't have the documents it listed in its disclosures about the Evoke in its possession as they are in the possession of its parent company,

InMode, Ltd. (which refuses to make disclosures pending the resolution of its Motion to Dismiss for Lack of Personal Jurisdiction). A subsequent conference between counsel confirmed that Invasix will not budge.

Plaintiff requests that this Court compel Invasix to comply with Federal Rule Civil Procedure 26(a), Local Rule CV-26, and the Court's Order Governing Proceedings and award costs pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), (5).

## PROCEDURAL BACKGROUND

Invasix served its initial disclosures on Plaintiff on July 17, 2023 after obtaining an extension from Plaintiffs. Invasix identified several categories of documents and information that would be relevant to this case in its disclosure, such as information and documents about the design, manufacture, testing, marketing, and sale of the Evoke and information and documents related to the incident at Le Beau Visage Medical Spa. *Ex. 1—Invasix's Initial Disclosures, at p. 6, Section D (¶¶ 4-5)*. After Invasix's disclosure, Plaintiff requested that Invasix produce documents and information related to the manufacture, design, sale, and testing of the failed product. Yet these categories of documents and information have not been produced. Once threatened with a motion to compel, Invasix amended its disclosure to state that the responsive documents are in the possession of its parent company, InMode, in an effort to avoid its discovery obligations.

Further, Invasix has not produced all applicable insurance policies as required under Federal Rule Civil Procedure 26(a)(1)(A)(iv).

Counsel for Plaintiff has unsuccessfully attempted to confer with counsel for Invasix for months. The same day Plaintiff received the disclosure, counsel for Plaintiff sent an email asking defense counsel for the full insurance policy. *See Ex. 2—Plaintiff's Emails with Invasix.* Counsel

for Plaintiff heard nothing in response and followed up by email again on August 24, 2023, asking for the full insurance policy, as well as any settlement agreements or any documents regarding the design and manufacture of the subject product. *Id.* Two weeks later, on September 8, 2023, Counsel for Plaintiff asked defense counsel to set up a meeting to confer on the missing documents. New defense counsel responded the following week, and the parties had a phone call on September 13, 2023, to discuss the missing documents. *Id.*

Invasix did not produce any documents after the meet and confer. Counsel for Plaintiff again sent an email on October 3, 2023, requesting production. *Id.* Counsel for Plaintiff did not hear from Invasix's counsel and on October 16, 2023, requested a phone call to meet and confer in advance of a motion to compel. *Id.* Counsel for Plaintiff has also called Invasix's counsel attempting to confer or get a status update. Counsel for Plaintiff provided Invasix with a draft of this motion prior to filing after repeated efforts to following up on the meet and confer had failed to receive a response. *Id.*

After receiving a draft of this Motion, Invasix's counsel informed counsel for Plaintiff that Invasix would be amending its disclosures to state that it did not have relevant document and information about the Evoke and to confirm that it would not produce copies of any excess insurance policies. Accordingly, Defendant amended its disclosure that day to reflect that conversation. *Ex. 3—Defendant's Amended Disclosures, at p. 7-8, Section D (¶ 5) and Section F.*

## ARGUMENT

Defendant has failed to comply with the Court's Order Governing Proceedings (Dkt. #22) by not producing the documents identified in Defendant's disclosure. The Court's Order Governing Proceedings states that, in addition to the materials required by Federal Rule of Civil Procedure 26(a)(1), parties to produce the following with their initial disclosures:

> 5. A copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so duplication is avoided. In cases involving a disproportionate burden of disclosure of a large number of documents on one party, the parties may agree on prior inspection to reduce the need for copy. Parties are encouraged to agree upon provision of information by electronic means.

Under Local Rule CV-26(d)(3), (5), "relevant to the claim or defense of any party" includes "information that is likely to have an influence on or affect the outcome of a claim or defense" and "information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense."

Documents and information about the manufacture, design, testing and sale of the defective product and documents and information related to the incident are undoubtedly relevant to the claim or defense of any party. Indeed, they are necessary to help shape targeted written discovery and permit Plaintiff to determine whom to depose.

Moreover, in Section D(5) of its Initial Disclosures, Defendant identified "documents and information regarding the design, manufacture, testing, and sale of the Evoke device" and "information and documents related to the Incident at Le Beau Visage Medical Spa." Yet, to date, Defendant has failed to produce the following basic documents and information within those categories:

- Design drawings for the Evoke;
- Underwriters Laboratory file for the Evoke;
- Design change orders for the Evoke;
- Design Failure Mode and Effects Analysis for the Evoke;
- Process Failure Mode and Effects Analysis for the Evoke;
- Assembly Process Flow Diagram for the Evoke;
- Assembly Process Control Plan for the Evoke;
- Standard work documents for product assembly for the Evoke;
- Training records for personnel handling the product during manufacturing for the Evoke;
- Policies and procedures for quality control for the Evoke;

- Final inspection data for product assembly line for the Evoke;
- Final inspection reject pareto charts for the Evoke;
- Operational testing data for the Evoke;
- Safety analysis testing data for the Evoke;
- Reliability testing data for the Evoke;
- Warranty data for the product for the Evoke;
- Marketing analysis from public reviews for the Evoke;
- Communications with Le Beau related to the Incident;
- Internal communications related to the Incident; and
- Defendant's settlement agreement with Le Beau related to the Incident.

Upon receiving Plaintiff's draft motion to compel, Invasix amended its disclosures to state that most documents about the Evoke are in the possession of its parent, InMode, Ltd. This is a brazen and bad faith effort to avoid producing those documents. When a wholly owned subsidiary that distributes a parent's product, shares overlapping directors/officers, and the parent is involved in the litigation—as is the case here—then federal courts have not brooked shell games. *See, e.g.*, *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 307 (M.D.N.C. 1998) (citing *M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986) (common counsel had access to documents of parent company in a prior litigation and the parent company had supplied documents in the then pending litigation); *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919–20 (S.D.N.Y.1984) (subsidiary distributed and serviced the subject product which was manufactured by the parent)).[1] Invasix is more than capable of asking InMode to send it documents and information about the Evoke—both to sell the product and attempt to have Plaintiff's claim dismissed. Invasix cannot thwart basic disclosures of documents Invasix originally had no problem disclosing by amending its disclosures to state that its co-Defendant parent company has them in their possession instead.

---

[1] Plaintiff's First Amended Complaint details—with reference to exhibits—these facts. (Dkt. 19 ¶¶ 10-20). Plaintiffs' submissions in response InMode's Rule 12(b)(2) Motion also detail these facts. (Dkt 42, 42-1, 42-2, 42-3). Invasix's Rule 12(b)(6) Motion attached an InMode document as an exhibit. (Dkt. 31-1). InMode is a party to this lawsuit that refuses to comply with its disclosure obligations because of its pending Rule 12(b)(2) challenge. Invasix and InMode are also jointly represented. (Dkt. 47). *See infra* note 2.

Finally, under Federal Rule of Civil Procedure 26(a)(1)(a)(iv), Invasix should have produced all policies of insurance that may provide coverage for this claim. Invasix has only produced a redacted declaration page of its general liability policy and has not produced any excess policies as it is required to do under the Rules. Invasix has a duty to produce "any insurance agreement that could possible apply to the insurance business—however unlikely it may be—to satisfy all or part of a possible judgment in a case." *Regalado v. Techtronic Indus. N. Am., Inc.*, No. 3:13-CV-4267-L, 2015 WL 10818616, at *2 (N.D. Tex. Feb. 24, 2015).

At base, Plaintiff is simply seeking basic product liability documents that it can provide to her experts and that she can use to conduct more targeted discovery. Defendants meanwhile seem intent on delaying the case through motion practice.

Plaintiff respectfully requests that the Court grant this Motion and compel Invasix to produce the documents and information bulleted above and disclose all policies of insurance that may provide coverage for Plaintiff's claim. In the alternative, Plaintiff respectfully requests that the Court compel InMode, Ltd. to comply with its disclosure obligations.[2]

## CONCLUSION

Plaintiff respectfully requests that the Court compel the documents and information identified above in accordance with the Court's Order Governing Proceedings so that discovery into other matters may be better informed and targeted.

---

[2] Having hoped that Invasix would simply make its required disclosures, Plaintiff has not fully conferred on InMode, Ltd's failure to make disclosures in an effort to not bog this Court down with additional motions in this case. Plaintiff notes the Local Rules do not permit evasion of mandatory disclosures through the use of Rule 12(b) motions. *E.g.*, *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 763 & n.4 (E.D. Tex. 2000) (noting "Defendant Mazda has apparently refused to participate in this Court's mandatory disclosure obligations by erroneously refusing to make its initial disclosures…. This Court encourages all litigants to honor their initial disclosure obligations under Rule CV–26 for the Eastern District of Texas. Recalcitrance to this Court's Local Rules—including the mandatory initial disclosure obligations—will not be tolerated."). InMode, Ltd. has not heeded Judge Heartfield's admonition.

Respectfully submitted,

**LYONS & SIMMONS, LLP**

_____
**Michael P. Lyons**
State Bar No. 24013074
mlyons@lyons-simmons.com
**Stephen Higdon**
State Bar No. 24087719
shigdon@lyons-simmons.com
**Michael S. Fechner, Jr.**
Texas Bar No. 24108166
mfechner@lyons-simmons.com
2101 Cedar Springs Rd., Suite 1900
Dallas, TX 75201
214-665-6900
Fax 214-665-6950

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

Counsel for movant attempted to confer with counsel for the nonmovant on multiple occasions via emails and phone calls from August 18, 2023, through October 30, 2023 (as further detailed above in the *Background* section of this motion and Exhibit 2). Therefore, despite the best efforts of counsel for movant, counsel has not been able to resolve those matters presented.

_____
Michael S. Fechner, Jr.